APPEL, Justice
(concurring specially).
I join in the majority opinion. We have repeatedly stated when a- party makes claims under parallel provisions of both the Iowa and Federal Constitutions but does not suggest an independent state constitutional standard, we apply the federal standards, but do not necessarily apply them in the same way as the United States Supreme Court. See, e.g., State v. Becker, 818 N.W.2d 135, 150 (Iowa 2012) (“Even where a party has not provided a substantive standard independent of federal law, we reserve the right to apply the standard presented by the party in a fashion different than the federal cases.”); NextEra Energy Res. LLC v. Iowa Utils. Bd., 815 N.W.2d 30, 45 (Iowa 2012) (“Even in cases where a party has not suggested that our approach under the Iowa Constitution should be different from that under the Federal Constitution, we reserve the right to apply the standard in a fashion at variance with federal cases under the Iowa Constitution.”); State v. Oliver, 812 N.W.2d 636, 650 (Iowa 2012) (reiterating that we apply a more rigorous cruel and unusual punishment analysis under the Iowa Constitution than a federal court would under the United States Constitution); State v. Pals, 805 N.W.2d 767, 771-72 (Iowa 2011) (“Even where a party has not advanced a different standard for interpreting a state constitutional provision, we may apply the standard more stringently than federal case law.”); State v. Bruegger, 773 N.W.2d 862, 883 (Iowa 2009) (“[W]e do not necessarily apply the federal standards in the same way as the United States Supreme Court.”); Varnum v. Brien, 763 N.W.2d 862, 878 n. 6 (“[W]e have jealously guarded our right to ‘employ a different analytical framework’ under the state equal protection clause as well as to independently apply the federally formulated principles.” (citation omitted)); In re S.A.J.B., 679 N.W.2d 645, 648 (Iowa 2004) (“In analyzing claims under the Iowa Equal Protection Clause, we independently apply federal principles.”); Racing Ass’n of Cent. Iowa v. Fitzgerald, 675 N.W.2d 1, 6 (Iowa 2004) (“That brings us to the alternative manner in which the court might exercise its obligation to rule upon the state constitutional claim: by applying federal principles independently.”). Reserving the right to apply federal standards in a manner different than that of the United States Supreme Court, as requested by the parties is not “freelancing,” but performing our duty under the Iowa Constitution. See State v. Baldon, 829 N.W.2d 785, 815, 829-30, (Appel, J., concurring). In this case, however, I • agree with the majority in reaching the same result under both the Iowa and United States Constitutions.